UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VISCAYA VENTURES, INC., an Ohio
Corporation,

        Plaintiff,

v.                                     Case No:  2:15-cv-635-SPC-MRM

U.S. BANK NATIONAL ASSOCIATION,

        Defendant.

_____/

## ORDER[1]

       This matter comes before the Court on Plaintiff Viscaya Ventures, Inc.'s Motion for Remand (Doc. #10). Defendant U.S. Bank National Association has filed a timely Response in Opposition (Doc. #11). This matter is ripe for review.

### Facts

       The facts that pertain to the Motion for Remand are the following:  Plaintiff Viscaya Ventures, Inc. (Viscaya) is an Ohio corporation and therefore a citizen of Ohio. (Doc. #10 at ¶2).  Defendant U.S. Bank National Association (U.S. Bank) is a trustee for Citigroup Mortgage Loan Trust, Inc., asset backed pass-through certificates, Series 2007-AMCI, and a citizen of Ohio.  (Doc. #10 at ¶3); (Doc. #1 at 1, ¶3).

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

On June 6, 2015, Viscaya brought a complaint to quiet title against U.S. Bank in the Circuit Court for the 20th Judicial Circuit in and for Lee County, Florida.  (Doc. #1 at ¶1).  The real property at issue was the same property that is at issue in this case, 2218 Viscaya Parkway, Cape Coral, Florida 33990.  (Doc. #1 at ¶¶1–2).  At the time, Viscaya was a Florida corporation, having been incorporated in Florida.  *Id.*  Based upon diversity jurisdiction, U.S. Bank, a citizen of Ohio, removed the case to the U.S. District Court for the Middle District of Florida, Fort Myers Division.[2]  (Doc. #1 at ¶3); *Viscaya Ventures, Inc. v. U.S. Bank Nat'l Asso.*, No. 2:15-cv-425-FtM-38MRM (M.D. Fla. July 28, 2015).  The following day, Viscaya registered as an Ohio corporation of the same name.  (Doc. #1-1) (articles of incorporation).  Two days later, Viscaya, the Florida corporation, executed a quit claim deed transferring all of its interest in the subject real property to Viscaya, the Ohio corporation, for consideration of ten dollars.  (Doc. #1-2); (Doc. #10 at ¶5).  Minutes later, Viscaya filed a Voluntary Dismissal and Release of Lis Pendens.  (Doc #1-3).  This Court dismissed the case and ordered the Clerk of the Court to enter judgment accordingly.  *Viscaya Ventures, Inc. v. U.S. Bank Nat'l Asso.*, No. 2:15-cv-425-FtM-38MRM (M.D. Fla. July 27, 2015) (order of dismissal).  Immediately afterward, Viscaya, the Ohio Corporation, filed the present claim in the 20th Judicial Circuit, one nearly identical to its previous complaint.[3]  (Doc. #2).  U.S. Bank again removed the action to this Court arguing the Court should treat Viscaya's transfer of property as an improper attempt to destroy jurisdiction and deem the Parties to be diverse.  (Doc. #1 at 4).  U.S.

---

[2] In its Notice of Removal, U.S. Bank incorrectly stated the case was removed to the Tampa Division of the Middle District of Florida.  (Doc. #1 at ¶3).  The case was removed to the Undersigned's Court in the Fort Myers Division.  See Viscaya Ventures, Inc. v. U.S. Bank Nat'l Asso., No. 2:15-cv-425 (M.D. Fla. July 28, 2016).

[3] The present Complaint was modified from the previous one to include the addition of Paragraph D on page two, which delineates the transfer of the subject property from Viscaya, the Florida corporation, to Viscaya, the Ohio corporation.  (Doc. #1 at ¶3(D)).

Bank filed a Motion to Dismiss (Doc. #5), to which Viscaya did not respond. Viscaya then filed a Motion for Remand (Doc. #10) to which U.S. Bank filed a Response in Opposition (Doc. #11).  The Magistrate Judge allowed Viscaya's Response to the Motion to Dismiss to be filed after this Court rules on the Motion for Remand.  (Doc. #19).

**Legal Standard**

Under 28 U.S.C. § 1446, a defendant may remove a case to federal court.  The defendant must file a notice of removal in a civil action "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  *Id.* § 1446(b). The burden is on the removing party to show that removal is appropriate, and that burden is "a heavy one." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 2001). Should the case be removed, the plaintiff may make a motion to remand "on the basis of any defect other than lack of subject matter jurisdiction" within 30 days after the filing of the notice of removal.  *Id.* § 1447(c).  The plaintiff has a thirty-day window "to challenge the propriety of the removal itself, whether that challenge be on the basis of a procedural defect or a lack of subject matter jurisdiction." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 n.64 (11th Cir. 2007) (citations omitted).  Any uncertainty regarding removal jurisdiction should be resolved in favor of remand.  *See Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) (citing *Burns*, 31 F.3d at 1095).

**Discussion**

Viscaya's first argument as to why this case should be remanded is that no diversity of citizenship exists between the Parties, as both are citizens of Ohio.  (Doc. #10 at ¶3–6).  U.S. Bank argues diversity of citizenship exists when the Court views the

transfer of the property to the Ohio corporation as an attempt to artificially destroy diversity jurisdiction and "manipulate this Court's jurisdictional authority."   (Doc. #11 at 3). Additionally, U.S. Bank cites Miss. ex. Rel. Hood v. AU Optronics Corp. for the proposition that the Court must "look beyond the pleadings to ensure that the parties are not improperly creating or destroying diversity jurisdiction." 134 S. Ct. 736, 745 (2014).

In this Circuit, when determining whether a case should be remanded, district courts must evaluate the factual allegations in the light most favorable to the plaintiff. Crowe v. Coleman, 113 F.3d 1536 (11th Cir. 1997).  "It has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.' . . .  [This rule] measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against *the state of facts that existed at the time of filing* . . . .'" Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570–71 (2004) (alteration in original) (emphasis added) (internal citations omitted) (quoting Mollan v. Torrance, 9 Wheat. 537, 539 (1824)).   Accordingly, a party's citizenship prior to the time of the complaint, if different than at the time of the complaint, is irrelevant for purposes of determining diversity jurisdiction.  See id.; Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939) (Whether a case may be removed is determined based upon plaintiffs' pleading at the time of removal.).

U.S. Bank would have the Court ignore the time-of-filing rule and consider the citizenship of the parties at the time of filing during the previous action between these parties. (Doc. #11 at 3). While understandable given Viscaya's clear motive in creation of the Ohio corporation, U.S. Bank's suggestion is not the standard by which this Court is bound.  In determining citizenship of the parties at the time of filling, Viscaya's prior status

as a Florida corporation is irrelevant. At the time of filing in this case, Viscaya was an Ohio corporation, making both Plaintiff and Defendant in this case citizens of Ohio. Because the Parties are not diverse, there is no diversity jurisdiction.   (Doc. #5 at 2). Because there is no original federal jurisdiction over any of the counts, there can be no supplemental jurisdiction under 28 U.S.C. § 1367.  See Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 554 (2005) ("In order for a federal court to invoke supplemental jurisdiction . . . it must first have original jurisdiction over at least one claim in the action.").

Although 28 U.S.C. § 1447 makes clear that a party's actions post-complaint may well affect diversity jurisdiction, however, courts have heretofore not made determinations on diversity jurisdiction based on the location in which a party used to be a citizen.  See 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.").  This Court declines to do so now.

Having determined this Court did not have jurisdiction over this matter at the time of removal, the Motion to Remand is due to be granted. Because this Court does not have jurisdiction, there is no need to review the remaining arguments, nor does it reach the merits of U.S. Bank's Motion to Dismiss (Doc. #5).

Accordingly, it is hereby

**ORDERED:**

1. Defendant Viscaya Ventures, Inc.'s Motion for Remand (Doc. #10) is **GRANTED.**

2. Plaintiff U.S. Bank National Association's Motion to Dismiss (Doc. #5) is **DENIED**

    **AS MOOT**.

    **DONE** and **ORDERED** in Fort Myers, Florida, this 3rd day of March, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record